## GUARESIMO v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

No. 4609.

**1. Intoxicating liquors** ⊜⇒249.

Search of barn and garages, after finding men drinking beer in basement on premises and seeing liquor packages through windows, *held* not without reasonable cause, and not to require search warrant.

**2. Intoxicating liquors** ⊜⇒249.

Storage of liquor in three separate buildings on lot owned by defendant *held* to sufficiently support three separate indictments and sentences.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Ganto Guaresimo was convicted of a liquor offense, and he brings error. Affirmed.

Anthony Maiullo, of Detroit, Mich., for plaintiff in error.

John A. Baxter, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. The question chiefly argued is whether federal officers so far participated in a search and seizure (without search warrant) as to make the intoxicating liquors found and seized inadmissible in evidence in a federal court by reason of the Fourth and Fifth Amendments. That question does not arise upon this record.

[1] Guaresimo owned seven adjacent city lots, said (but only in counsel's brief) to be fenced as one inclosure. The property ran through from one street to the next, thus forming two fronts. Scattered about thereon were four dwellings, apparently occupied by many tenants, one large barn, and three garages. The owner lived in part or all of one dwelling. No one garage belonged particularly to that house. Another dwelling basement was used as a near beer saloon. Observing a suspicious light therein, officers

went in and found several men drinking beer which, the officers say, was intoxicating. Finding only two kegs, and looking about for the source of supply, and throwing lights through the windows of the barn and the garages, they saw liquor packages in great quantities. Entering these buildings, they found in the barn and in two garages a total of 1,080 cases of beer (in each building of forbidden alcoholic content) and 254 cases of whisky. We see no reason to think that this search of the barn and garages was without reasonable cause, or that a search warrant was necessary. The claim that all these buildings were appurtenant to the particular house in which Guaresimo lived, because within the curtilage, does not call for serious attention. It could be made as well by any of the tenants in any of the other houses.

[2] The storage of various lots of liquors in the three separate buildings sufficiently supported three separate indictments and sentences.

The judgment is affirmed. Mandate forthwith.