## DULEK v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 17, 1926.)

No. 4641.

Searches and seizures ⬚3—Cabin, containing still in wooded swamp 230 feet from accused's dwelling, held not part of home curtilage, protected against search and seizure.

Cabin, containing still and its appurtenances concealed in wooded swamp on accused's 40-acre farm, 230 feet from his dwelling, *held* not part of home curtilage, within protection of constitutional restriction against search and seizure.

In Error to the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

Emil Dulek was convicted of violating the Volstead Act, and he brings error. Affirmed.

Michael J. Doyle, of Menominee, Mich., for plaintiff in error.

Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich. (Howard A. Ellis, Asst. U. S. Atty., of Grand Rapids, Mich., and John Jones, Asst. U. S. Atty., of Ironwood, Mich., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. The facts that led up to the arrest and prosecution of plaintiff in error are as follows:

A federal prohibition agent, looking for violators of the Volstead Act (Comp. St. § 10138¼ et seq.), came upon a 40-acre farm of plaintiff in error. In his quest he came upon a shack or a cabin, located in a wooded swamp and not visible from outside the woods. He walked around in front, and looking through an open door saw a still and its appurtenances in operation within the shack. From this small building, 12 feet by 16 feet, a path led out through the swamp and through an inclosed lot, and then on to a dwelling house, the home of the plaintiff in error, to a distance of 230 feet or more.

Subsequently plaintiff was arrested, tried, and convicted. At the trial, the government agent testified to the above facts, among others, but prior to his testimony plaintiff in error filed a motion to suppress that evidence, for the reason that the cabin or shack was a part of the home curtilage, and that the evidence would be incompetent under the search and seizure restrictions of the United States Constitution. This is the sole ground of error argued and insisted upon.

A consideration of the relative location of the shack and the dwelling house, and all other circumstances of its situation, will justify the conclusion that the shack was no part of the curtilage, and permit the decision of the question here made to rest upon the authority of Hester v. U. S., 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898; Guaresimo v. U. S. (C. C. A. 6), 13 F.(2d) 848.

Judgment affirmed.