## UNITED STATES v. WILDS et al.
### Cr. No. 14830.

United States District Court
E. D. Tennessee, Northeastern Division.
Dec. 20, 1949.

Otto T. Ault, United States Attorney, Chattanooga, Tennessee, J. M. Meek, Assistant United States Attorney, Knoxville, Tennessee, for plaintiff.

J. H. Doughty, Knoxville, Tennessee, Edward F. Hurd, Newport, Tennessee, for defendants.

ROBERT L. TAYLOR, District Judge.

Defendants have been indicted on seven counts relating to possession and operation of an illicit distillery. The case is presently before the Court on motion of defendants to suppress the evidence obtained by the Government by a search of the premises upon which the illicit distillery was located. Although the officers had a search warrant at the time of making the search, the motion to suppress is urged upon the theory that information upon which the warrant was based was illegally obtained. Other grounds for the motion were not strongly pressed by counsel, and they are deemed by the Court to be without merit.

Told by an informer that a still was being operated upon the premises where defendants resided and within a chicken house located thereon, an officer of the Alcohol Tax Unit, about the hour of midnight of December 9, 1948, went upon the land for the purpose of verifying what the informer had told him. The lay of the land is shown on a farm plat filed as defendants' Exhibit No. 1. The farm is roughly rectangular in shape, being much longer than wide. It fronts on a public road at its eastern end. This frontage is cut by fences into three small tracts, the dwelling house, well and wash house being within the central tract. A fourth and larger tract fronts on the road south of the other three, follows the main farm boundary on the south, but extends also along the rear of the dwelling house tract and one other of the small tracts. Within this larger tract, or field, directly to the rear of the dwelling house tract, and about 175 feet from the rear of the dwelling house, is located a chicken house. Beside the chicken house is a toilet, and north of the chicken house and about 160 feet therefrom is the barn, also located within the field.

On the night of December 9, 1948, the federal officer left his automobile beside the public road, climbed the fence into the field and followed a circuitous route to the rear of the chicken house. He stopped when within 10 feet of the chicken house, directed the rays of a flashlight into the space between the bottom of the chicken house wall and the ground, and saw within the building the bottom of a barrel and other materials not particularly identified. Running from the interior of the chicken house into the field was spent mash. On the slope below was other spent mash. Coming from within the building was also the odor of fermenting mash, an odor which the officer testified he could smell all the way back to the road, a distance of 150 yards. The officer did not enter or touch the chicken house, nor did he on that occasion and while on the premises come any nearer to the dwelling house than approximately 200 feet.

It was the information obtained by him on the night of December 9, 1948, and included in his affidavit, that formed the basis for the search warrant, issued December 10, and executed December 13, 1948, when a still in operation was found within the chicken house. This information, it is urged by movants, was obtained by trespass and in violation of the rights of defendants under the Fourth Amendment to the Constitution of the United States.

Counsel for defendants has placed considerable reliance on the case of Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663. The Supreme Court in that case followed Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951. In both of those cases the officers, possessed of information of incriminating character, entered upon the offending premises and made their searches and seizures without having first obtained search warrants. The officer in the case here did what the officers failed to do in those cases, and what the court said they should have done. In both of those cases, the officers invaded the offending premises, one a barn, the other a garage, and seized property. The officer here did not invade the offending premises, nor did he make any search or seizure therein.

It is urged here that the officer was a trespasser at the time he went upon the land of defendants and obtained his information. That he was a trespasser is admitted by the Government. With the Government's view that a civil trespass does not invalidate information obtained as a result of the trespass, the Court agrees, unless it is shown that the trespass is upon premises protected by the Fourth Amendment. Gracie v. United States, 1 Cir., 15 F.2d 644, certiorari denied 273 U.S. 748, 47 S.Ct. 449, 71 L.Ed. 872. See, also, Dulek v. United States, 6 Cir., 16 F.2d 275; Koth v. United States, 9 Cir., 16 F.2d 59; Miller v. United States, 5 Cir., 126 F.2d 771, certiorari denied 316 U.S. 695, 62 S.Ct. 1289, 86 L.Ed. 1765.

Whether or not a different result would obtain, had the chicken house been within the curtilage of defendants, it is not necessary for the Court to decide. The building in which the still was located has been referred to as a chicken house, and such it may have been at one time. One of the two photographs filed as exhibits indicates that it may have once been enclosed by a chicken-lot fence. But at the time the federal officer went upon the premises, the building was within an open field, the field itself being extensively overgrown with weeds, briers and sprouts. The building did not have such proximity to the dwelling house, nor was it in such a state of care, nor was it devoted to such a use, as entitled it to be regarded as one of those outbuildings essential to the comfort and personal well being of a family. It was not, therefore, entitled to the protection of the Fourth Amendment. Hester v. United States, 265 U.S. 57; 44 S.Ct. 445, 68 L.Ed. 898; Dulek v. United States, 6 Cir., 16 F.2d 275.

Let an order be prepared, overruling the motion to suppress.