## DURDEN v. UNITED STATES.
### No. 12865.

United States Court of Appeals
Fifth Circuit.
April 21, 1950.

John M. Coe, Pensacola, Fla., Richard H. Merritt, Pensacola, Fla., for appellant.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., George Earl Hoffman, U. S. Atty., Pensacola, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

Charged in each of five counts of an indictment with making false completion certificates in connection with Federal Housing Administration insurance, defendant moved for a separate trial on each count.

The motion denied and the cause coming on for trial, there was a verdict finding defendant guilty as charged on Count Four, and not guilty on the other counts.

Appealing from the judgment on the verdict, defendant is here presenting substantially two grounds of error. One is the denial of the motion for separate trials on each of the five counts of the indictment. The other is the admission into evidence of a letter dealing with the matter charged in Count One, which, though defendant was acquitted on that count, it is claimed was of such damaging effect as to make its reception into evidence reversible error, though it was offered and received without objection of any kind.

We cannot agree with appellant that there is reversible error in either of the matters urged. The joinder in one indictment of several counts, all relating to the same general class of matters, was a matter within sound judicial discretion.

That it was not abused is made plain by the fact that, though tried on five counts, defendant was convicted on only one of them.

The other claimed error, that the admission of the letter was so prejudicial as to require reversal, is equally without merit. Both because its introduction was not objected to and because the defendant has been acquitted on the count with which the letter dealt, it is quite plain that defendant took no prejudice from its admission.

No reversible error being made to appear, the judgment is

Affirmed.