## EDWARDS v. UNITED STATES.
### No. 4634.

United States Court of Appeals,
Tenth Circuit.
July 31, 1953.

William Brown, Duncan, Okl. (Tom S. Williams, Oklahoma City, Okl., on the brief), for appellant.

Roger K. Allen, Asst. U. S. Atty., E. D. of Okl., Stilwell, Okl. (Edwin Langley, U. S. Atty., E. D. of Okl., Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

An indictment containing four counts was returned against Edwards and Howard Glen Monroe. The first count charged unlawful possession of an unregistered still and distilling apparatus.[1] The second count charged the carrying on of the business of a distiller without having given the bond required by law.[2] The third count charged engaging in distilling or rectifying spirits without placing and keeping conspicuously on the outside of his place of business the sign required by law.[3] The fourth count charged the possession of distilled spirits in containers which did not have affixed thereto a stamp denoting the quantity of spirits contained therein and evidencing payment of all internal revenue taxes imposed by law on such spirits.[4]

Edwards filed a motion to suppress certain evidence upon the ground that it was obtained through an illegal search and seizure. The motion was denied. Edwards also filed a motion for a severance, which was denied.

Counts 2, 3 and 4 were dismissed as to Monroe. Trial by jury was waived. On the trial by the court, Edwards was found guilty on counts 1, 2, 3 and 4. He was sentenced to the custody of the Attorney General for a period of 2 years on each of counts 1 and 2, 6 months on count 3, and 5 years on count 4, the several sentences to run concurrently.

Edwards called as his sole witness in support of the motion to suppress, Virgil Akers, an investigator for the Alcohol Tax Unit, Internal Revenue Department. Akers testified to these facts: On June 4, 1952, Akers went to a farm in Stephens County and observed in a pasture a large distillery and appurtenant equipment, which was dismantled and not in operation. He returned to the same vicinity on June 26 and discovered that the distillery and equip-ment had been moved. He noted that a hole had been cut through the fence and he followed vehicle tracks to a point on a creek, where he observed that the still and equipment had been set up for operation. Akers again visited the still site on June 27, 28 and 29. On the latter date he was accompanied by Investigator Wilson. They observed that Edwards was cleaning out the still and preparing mash, and that Monroe was approaching the still site with a load of wood. After observing the situation for approximately an hour, the officers approached the still site and arrested Edwards and Monroe. Edwards stated to the officers that the distilling outfit belonged to him and that Monroe was helping him operate it.

The still site was located in Stephens County in the Eastern District of Oklahoma. The terrain surrounding the still site was a timbered area. The site was located where three creeks intersect. The nearest house was approximately ¾ of a mile from the still site. There were no buildings of any type at the still site. The still was of 350-gallon capacity. The officers discovered 450 gallons of mash, 260 pounds of sugar, and one and one-half gallons of nontax-paid whisky.

There was no proof that Edwards owned the land upon which the still site was located.

■ The motion to suppress was properly overruled. The still site was located in an open field. The protection of the Fourth Amendment securing people in their persons, houses, papers and effects against unreasonable search and seizure does not apply to an open field.[5]

■ Whether a separate trial shall be granted for defendants jointly charged rests in the sound discretion of the trial judge.[6] Here, the case was tried to the

1. 26 U.S.C.A. § 2810.

2. 26 U.S.C.A. § 2833.

3. 26 U.S.C.A. § 2831.

4. 26 U.S.C.A. § 2803.

5. Hester v. United States, 265 U.S. 57, 59, 44 S.Ct. 445, 68 L.Ed. 898; Martin v. United States, 5 Cir., 155 F.2d 503, 505; Dulek v. United States, 6 Cir., 16 F.2d 275; Stark v. United States, 8 Cir., 44 F.2d 946, 948.

6. Long v. United States, 10 Cir., 160 F. 2d 706, 710; Waldeck v. United States, 7 Cir., 2 F.2d 243, 245; Durden v. Unit-

court without a jury and there is nothing in the record to show that Edwards was in anywise prejudiced by the denial of a severance.

The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion and the courts will not interfere therewith, unless the penalty prescribed is clearly and manifestly cruel and unusual.[7] Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual.[8] We hold that the sentence imposed on count 4 was not cruel and unusual.

Affirmed.

ed States, 5 Cir., 181 F.2d 496; Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 163, 4 A.L.R.2d 1193; United States v. Cohen, 2 Cir., 124 F.2d 164, 165; Stilson v. United States, 250 U.S. 583, 585, 40 S.Ct. 28, 63 L.Ed. 1154.

7. Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 670.

8. Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 670; Rose v. United States, 10 Cir., 128 F.2d 622, 626.