UNITED STATES of America
v.
Marlin C. SIMS.
Cr. No. 11696.

United States District Court
E. D. Tennessee, S. D.

Jan. 8, 1962.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

W. Corry Smith, Chattanooga, Tenn., for defendant.

**WILSON, District Judge.**

This case is before the Court upon the defendant's motion to suppress evidence of certain illicit whiskey heretofore seized from him by agents of the Alcohol Tax Unit under a search warrant. The grounds of the motion to suppress are as follows:

(1) That the affidavit upon which the search warrant issued failed to show probable cause for such issuance.

(2) That the information set out in the affidavit was obtained by a trespass.

(3) That the inventory upon the return of the executed search warrant failed to include an automobile seized at the time of the search.

The facts from which these questions arise are not complicated. Upon a number of occasions prior to October 10, 1961, agents of the Alcohol Tax Unit went upon the premises of the defendant for the purpose of making preliminary observations of illicit whiskey operations and securing information upon the basis of which a search warrant might be obtained.

The defendant's premises consist of a farm indicated by the testimony upon the hearing of the motion to consist of more than twenty acres. The entire farm is enclosed by a fence which the agents have admitted climbing over to gain entrance into the pasture or field from which they made their preliminary observations. The defendant's dwelling house and yard are enclosed within another fence which also encompasses a small outbuilding, the pumphouse which was the object of the agents' observations and in which illicit whiskey operations were seen. The Government does not dispute that the pumphouse was within the curtilage of the dwelling house.

The agents' observations of the pumphouse, however, were made with binoculars from an open field, at distances of approximately seventy-five yards or further from the fence surrounding the dwelling house, yard and pumphouse. It thus appears, and the Court finds, that although the observations were made from lands of the defendant, they were all made from positions outside the curtilage of the dwelling house.

From their vantage point in the field, the agents observed in the pumphouse various "Cola-drums" and jugs of the kind commonly used in this area as containers for illicit whiskey. They also observed the defendant, whom they knew to have a reputation as a whiskey violator, assisting various other persons during the early hours of the morning upon several occasions, unloading such containers from automobiles which drove up to the pumphouse, and handling the same in such a fashion as to indicate that the same were full.

■ Upon October 5, 1961, the agents made an affidavit for a search warrant, stating substantially the personal observations noted above, and a search warrant was duly issued upon the basis of this affidavit. The Court is of the opinion that these facts, as stated in the affidavit, did constitute probable cause for the issuance of the warrant, and that the first ground of the motion to suppress is therefore without merit.

■ The Court is likewise of the opinion that the second ground of the motion is insufficient. Information gained as a result of a civil trespass may lawfully be used as a basis for obtaining a search warrant so long as the trespass is limited to areas not a part of the defendant's curtilage. United States v. Wilds, D.C., 87 F.Supp. 459; Dulek v. United States, 6 Cir., 16 F.2d 275. The information relied upon in this case as furnishing probable cause for the issuance of a search warrant was obtained by the officers while stationed in the open fields and pastures upon the defendant's property, but outside of the area in which the house and adjacent outbuildings, including the pumphouse, were located and surrounded by a yard fence. The protection of the Fourth Amendment against unreasonable searches and seizures extends to the "persons, houses, papers and effects" of individuals, U.S.Constitution, Amendment Four. The meaning of the term "houses" has been judicially extend-

ed somewhat to include not only dwelling houses but also outbuildings within the curtilage thereof, but it does not extend to the open fields, even though they may be fenced in and whether they belong to the defendant or not. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; Giacona v. United States, 5 Cir., 257 F.2d 450.

Applying these principles to the present situation, it is of no significance that the object of the agents' observations was within the curtilage, so long as the observations were made from without the curtilage. The protection of the Fourth Amendment extends only to the curtilage, and observations made from without the curtilage thus do not violate the Amendment whether made from an open field belonging to the defendant or from the public street. See United States v. Benson (C.A. 6, Feb. 14, 1962) (No. 14,695) 299 F.2d 45.

Finally, the search warrant, otherwise valid, cannot be invalidated merely because the inventory upon the return thereof did not include the automobile which the agents seized at the time of the execution of the warrant. The automobile seized was one which the agents had previously observed transporting what proved to be illicit whiskey. They accordingly had authority, independent of the search warrant, to seize the automobile. 26 U.S.C.A. § 7301; Sanders v. United States, 5 Cir., 201 F.2d 158.

Moreover, the warrant did not command the seizure of the automobile. The requirement of Rule 41(d) of the Federal Rules of Criminal Procedure, Title 18 U.S.C.A., that "The return shall be made promptly and shall be accompanied by a written inventory of any property taken," requires only that those items be listed which are seized under the authority and pursuant to the direction of the warrant. See 47 Am.Jur., "Searches and Seizures," Sec. 44:

> "An officer making an arrest and taking articles of property to be used as evidence of the crime is not required to make return of such taking on his warrant. If he makes due return of the things commanded by the warrant, it is all that is necessary. He is not directed by the warrant to seize articles to be used in evidence against the person arrested, but takes them by virtue of the law."

In any event, it has been held that "The return of a search warrant is a ministerial act and any failure therein does not void the warrant." Evans v. United States, 5 Cir., 242 F.2d 534, 536.

The motion to suppress must accordingly be overruled.

An order will be entered accordingly.