JOHN JAY CASEY, JR., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6366

September 8, 1971                    488 P.2d 546

*Harry E. Claiborne* and *Annette R. Quintana,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, of Carson City, and *William P. Beko,* District Attorney, Nye County, for Respondent.

414

**OPINION**

By the Court, GUNDERSON, J.:

Convicted of "Grand Larceny of Livestock" in violation of NRS 205.225, appellant contends inter alia: (1) that his Fourth Amendment right to privacy was invaded when state cattle inspectors surreptitiously conducted surveillance and search of the place appellant slaughtered the cattle in question, inside fences of his uncle's ranch, but separated by another fence from the ranch dwelling some 500 to 700 yards away; and (2) that the court erroneously limited impeachment of the state cattle inspectors.

1.   Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), decided evidence obtained through unauthorized entry upon open land is admissible. "As to that, it is enough to say that, apart from the justification, the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects,' is not extended to the open fields. The distinction between the latter and the house is as old as the common law. 4 Bl. Comm. 223, 225, 226." 265 U.S., at 59. Since *Hester,* the courts have quite consistently held the Fourth Amendment's protection of privacy does not extend to open land, at least when the "curtilage" of a home is not breached or invaded in some way.[1] This rule has been applied even though the land was fenced, Stark v. United States, 44 F.2d 946 (8th Cir. 1930), Janney v. United States, 206 F.2d 601 (4th Cir. 1953); even though the land was posted with "no trespassing" signs, McDowell v. United States, 383 F.2d 599 (8th Cir. 1967); and even though the

---

[1] A singular exception appears to be the Supreme Court of Mississippi. See: Davidson v. State, 240 So.2d 463 (Miss. 1970), which was grounded upon Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920), a case not concerned with open fields.

evidence discovered was not in plain view, Care v. United States, 231 F.2d 22 (10th Cir. 1956). See also: Dulek v. United States, 16 F.2d 275 (6th Cir. 1926); Edwards v. United States, 206 F.2d 855 (10th Cir. 1953); *Constitutional Law—Constitutionally Protected Areas—Search and Seizure,* 18 Mercer L.Rev. 447 (1967).

As appellant contends, Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), may require us to accord some search issues different analysis than in the past; however, we find nothing in *Katz* signaling demise of the principle that an individual ordinarily has no constitutionally protected right to expect privacy in open fields.[2] Post-*Katz* cases involving open field situations continue to apply the historic rule. Fullbright v. United States, 392 F.2d 432 (10th Cir. 1968); State v. Brown, 461 P.2d 836 (Ore.App. 1969); cf. United States v. Capps, 435 F.2d 637 (9th Cir. 1970). Post-*Katz* cases upon which appellant relies do not involve open field situations.[3] The burden of establishing an unconstitutional search was, of course, on the appellant, cf. Fullbright v. United States and Care v. United States, supra; and we cannot hold the lower court erred in deciding this burden was not met, when the record justifies a determination that the area in question was not shown to be more than an open field.

2. Regarding appellant's contention that "the trial court deprived defendant of a fair trial by refusing to allow impeachment of state witnesses on a matter in issue," the record shows the witnesses in question testified for the state, and were cross-examined. Later, during his own case, appellant sought to recall them as "adverse witnesses" for impeachment by reference to an affidavit executed to obtain a search warrant. The

[2] We note in passing that *Katz* is not necessarily the face of the future. See: *Chambers v. Maroney: New Dimensions in the Law of Search and Seizure,* 46 Indiana L.J. 257 (Winter 1971).

[3] Appellant cites: State of Texas v. Gonzales, 388 F.2d 145 (5th Cir. 1968), in which the investigating officer not only committed a trespass, but invaded the privacy of a home, by peering through a curtained window; Wattenburg v. United States, 388 F.2d 853 (9th Cir. 1968), in which government agents searched the backyard of defendant's abode "no more than 35 feet from the building"; United States v. Davis, 423 F.2d 974 (5th Cir. 1970), decided on the rationale that the "curtilage" of the home had been invaded; and Cohen v. Superior Court, 85 Cal.Rptr. 354 (Cal.App. 1970), which held that whether defendant occupants of a fourth floor apartment could reasonably anticipate they were free from uninvited inspection through a window opening onto a fire escape presented a fact question.

prosecuting attorney pointed out this procedure was inappropriate; however, the trial court offered and did permit defense counsel to "call him for a little additional cross-examination," specifying "it will have to relate to prior testimony." The court limited impeachment to matters it deemed material, and not collateral.

We need not decide whether such limitations on cross-examination would have been error, if imposed when the witnesses first testified. "An accused may be permitted to recall a witness for cross-examination after the state has closed its case. . . . It is, however, for the discretion of the court to disallow such recross-examination when the party seeking it has had abundant opportunity to draw out his case." 3 Wharton's Crim. Ev., § 900 (12th Ed. 1955). On the record in this case, we could not find that the lower court abused its discretion, even had it refused any additional cross-examination whatever.

Appellant's other assignments of error have been considered, and we perceive no prejudicial error.[4]

Affirmed.

ZENOFF, C. J., BATJER and MOWBRAY, JJ., and COMPTON, D. J., concur.

---

[4]Appellant's present counsel did not represent him at trial in court below.