**UNITED STATES of America,
Appellee,**

**v.**

**Claude Bishop MINTON, Appellant.**

**No. 73–1598.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1973.

Decided Nov. 30, 1973.

William H. McElwee, III, North Wilkesboro, N. C. (McElwee & Hall, North Wilkesboro, N. C., on brief), for appellant.

N. Carlton Tilley, Jr., Asst. U. S. Atty. (Willliam L. Osteen, U. S. Atty., on brief), for appellee.

Before HAYNESWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and CRAVEN, Circuit Judge.

PER CURIAM:

 Convicted of possession, transportation, and removal of illicit liquor, Claude Bishop Minton has appealed, arguing that his motion to suppress evidence procured by an allegedly illegal search and seizure should have been granted. The search at issue here resulted from surveillance of Minton's premises[1] by officers of the Alcohol, Tobacco and Firearms Division who were notified by a reliable informant that a whiskey delivery would be made at the appellant's premises between 6 and 7 p. m. on November 3, 1972. Based on this tip and previous information over a period of two years that Minton was using his property to store illicit liquor, but without a search warrant, the officers stationed themselves at the top of a 12–14 foot high embankment looking down on Minton's building at a distance of 80 to 90 feet. They observed a van truck arrive at the building shortly after 6 p. m. and by the use of binoculars viewed cartons containing one-gallon plastic containers being unloaded from the vehicle. They also detected the odor of illicit whiskey. Appellant was arrested as he reached into the truck to unload another carton; boxes holding plastic containers of illicit liquor were plainly visible in the truck and through the open doorway of the building. It is not clear that the embankment from which the officers made their observations belonged to Minton, but even if it did, such a location at such a distance is probably not within the curtilage. United States v. Campbell, 395 F.2d 848 (4th

Cir. 1968); Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), Care v. United States, 231 F.2d 22 (10th Cir. 1956). Nor did the use of binoculars by the officers constitute an extension of their persons so as to put them within the curtilage. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1926). More important than the rubric of realty, *see* Wattenburg v. United States, 388 F.2d 853 (9th Cir. 1968); Texas v. Gonzales, 388 F.2d 145 (5th Cir. 1968), there was here, we think, no reasonable expectation of privacy—considering the time of day and all the surrounding circumstances. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Whether or not it might have been wiser (and the better practice) to have procured a search warrant, *but cf.* Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), such a warrant was not necessary since no search occurred until the officers entered upon defendant's premises and approached the van he was in the process of unloading. At the time of their entrance and approach the officers had probable cause to believe a felony was being committed in their presence.

The seizure of illicit whiskey in the van and in the building may be justified as within the "plain view" doctrine. Coolidge v. New Hampshire, 403 U.S. 443, 464–466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Musgrove v. Eyman, 435 F.2d 1235 (9th Cir. 1971); United States v. Young, 322 F.2d 443 (4th Cir. 1963). The search and seizure of the van itself may further be justified as incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); United States v. Young, *supra*.

Affirmed.

---

[1]. Minton's brief refers to the premises as his "home"; however, the brief further characterizes the structure in question as a "building" in which appellant lived "part of the time" while other parts "were utilized as storage areas (Appellant's Brief, p. 4). His brief also states that Court's Exhibit 1 portrays the area. We have examined it, and it looks to us more like a barn or warehouse than a home.