THE STATE OF NEVADA, APPELLANT, v.
DOUGLAS BARR, JR., RESPONDENT.

No. 14032

September 30, 1982                              651 P.2d 649

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, *Xavier Gonzales,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The state has appealed from a district court order granting respondent Barr's motion to suppress evidence as the product of an illegal search. On June 15, 1982, this court exercised its discretionary powers under NRS 177.015(2) and entertained this appeal. We reverse and remand.

The incident giving rise to this case occurred on September 22, 1981. While cruising in his patrol car, a member of the Las Vegas Metropolitan Police Department observed Barr in a public alleyway talking to another individual. The officer was familiar with the vicinity and was aware of previous incidents of drug transactions and slot cheating in the area. The police officer became suspicious that a drug transaction was underway. He parked his vehicle, walked back to the alleyway and, with the aid of binoculars, saw Barr display metal slugs to his companion in his upturned hand. The officer was no more than seventy-five feet from Barr when he saw the slugs. Barr then entered a casino abutting the alleyway. The officer followed him, and Barr was arrested for possession of a cheating device. NRS 465.080.

Barr argued in his motion to suppress, and the judge agreed, that such binocular-enhanced surveillance was an unreasonable search in violation of his Fourth Amendment rights and that the fruits of that search could not be introduced against him. We disagree.

"What a person knowingly exposes to the public is not a subject of Fourth Amendment protection." Katz v. United States, 389 U.S. 347, 351 (1967); *cf.* Casey v. State, 87 Nev. 413, 488 P.2d 546 (1971) (open field). This rationale has been applied to public places, or readily observable private places, despite the use by police of vision-enhancing devices. *E.g.,* United States v. Minton, 488 F.2d 37 (4th Cir. 1973), *cert.*

*denied,* 416 U.S. 936 (1974) (view of outside of building and vehicle on private property from embankment); United States v. Loundmannz, 472 F.2d 1376 (D.C. Cir. 1972), *cert. denied,* 410 U.S. 957 (1973) (view of public street from building); United States v. Grimes, 426 F.2d 706 (5th Cir. 1970) (view of loading of automobile from field belonging to another); People v. Vermouth, 116 Cal.Rptr. 675 (Ct.App. 1974) (view of marijuana from neighbor's yard); People v. Spinelli, 315 N.E.2d 792 (N.Y. 1974) (view of trucks on private property from golf course).

In the instant case, the police officer observed objects held in Barr's open hand while Barr stood in a public alleyway. The officer was where he had a right to be, and had first observed Barr with his naked eye from his patrol car on a public street. The officer's use of binoculars to enhance his view did not convert his unobjectionable observation of Barr into a prohibited search. *See* United States v. Allen, 633 F.2d 1282, 1290-91 (9th Cir. 1980), *modified on other grounds,* 675 F.2d 1373 (9th Cir. 1980), *cert. denied,* 454 U.S. 833, 102 S.Ct. 133 (1981); People v. Vermouth, 116 Cal.Rptr. 675 (Ct.App. 1974); State v. Holbron, 648 P.2d 194, 197 (Hawaii 1982).

The order granting the motion to suppress is reversed, and the case is remanded to district court for further proceedings.