**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul PERRY, Defendant-Appellant.**

No. 82–2385.

United States Court of Appeals,
Tenth Circuit.

June 10, 1983.

---

Warren Gotcher of Gotcher, Gotcher & Taylor, McAlester, Okl., for defendant-appellant.

Donn F. Baker, Asst. U.S. Atty., Muskogee, Okl. (Gary L. Richardson, U.S. Atty. and Edward M. Kimmel, Asst. U.S. Atty., Muskogee, Okl., on brief), for plaintiff-appellee.

Before HOLLOWAY, McWILLIAMS and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

Paul Perry was charged in a one-count information with conspiring to defraud Bryan County, Oklahoma and causing the United States mails to be used in furtherance of such scheme to defraud, and with conspiring to evade the collection of income taxes. 18 U.S.C. § 371 and § 1341 and 26 U.S.C. § 7201. Perry waived indictment, and, pursuant to an agreement which provided that he would not be charged with other possible criminal violations and that he would cooperate with the investigating authorities, Perry pled guilty to the charge of conspiracy. Perry was later sentenced to two years imprisonment and a $10,000 fine. He appeals the sentence thus imposed. We affirm. The principal issue raised on appeal is that the sentence imposed is excessive.

From the record, we learn that Perry is a former County Commissioner of Bryan County, Oklahoma, and that while serving as County Commissioner he accepted kickbacks from a supplier of materials to the County. The mails were used to make payment for the materials delivered. Perry did not report the kickbacks on his income tax returns. The kickbacks accepted by Perry were between $1,000 and $1,500. He is a 69-year old widower who has some medical problems. He apparently has no prior criminal record.

Nothing in the pre-sentence report was objected to by Perry. At the time of sentencing, the trial court questioned Perry about his financial status. Perry, on paper at least, is a relatively wealthy man, and the trial court made inquiry calculated to establish whether his wealth was accumulated during his tenure as County Commissioner. However, such inquiry did not develop anything of significance. During such inquiry, counsel for Perry offered to call Perry's daughter as a witness, since she apparently served as Perry's bookkeeper. The trial court indicated that such would not be necessary, and he accepted her unsworn responses concerning Perry's financial status.

On appeal, counsel argues that it was error on the part of the trial court to refuse to permit Perry's daughter to testify. We find no error in this regard. The daughter was permitted to respond to certain matters, and the trial court apparently accepted her answers at face value. In any event, the colloquy at the time of sentencing between the trial court and Perry and his attorney did not reveal anything of a derogatory nature.

The principal issue on appeal is that the sentence was excessive. 18 U.S.C. § 371 permits a sentence of five years imprisonment and a $10,000 fine, or both. As indicated, the trial court sentenced Perry to two years imprisonment and a $10,000 fine, which is well within the statutory limits. We have repeatedly held that we are without power to modify a sentence which is within the limits of a valid statute. *Smith*

**1350**

*v. United States,* 273 F.2d 462, 467–68 (10th Cir.1959), *cert. denied,* 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960) and *Edwards v. United States,* 206 F.2d 855, 857 (10th Cir. 1953).

 There is a minor suggestion that, all things considered, Perry should have been granted probation. Probation is a matter of grace, not right, and an order denying probation is not reviewable, absent a showing of arbitrary or capricious action amounting to a clear abuse of discretion. *Whitfield v. United States,* 401 F.2d 480 (9th Cir.), *cert. denied,* 393 U.S. 1026, 89 S.Ct. 630, 21 L.Ed.2d 570 (1968); *Jordan v. United States,* 370 F.2d 126 (10th Cir.1966), *cert. denied,* 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 595 (1967); and *Humes v. United States,* 186 F.2d 875 (10th Cir.1951). We find no such abuse of discretion here.

Judgment affirmed.