

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0590-13

**THE STATE OF TEXAS**

**v.**

**KIMBERLY CRYSTAL STORY, Appellee**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTH COURT OF APPEALS GUADALUPE COUNTY

**KELLER, P.J., filed a dissenting opinion in which PRICE, J., joined.**

The State contends that the deputies lawfully entered an open field and developed probable cause to arrest from this lawful entry. The Court says that the State cannot rely upon the "open fields" doctrine because the issue was not raised in the trial court. But we have held that a State-appellant may raise for the first time on appeal an issue, such as standing, on which the defendant had the burden of proof at the suppression hearing.[1] By bringing a Fourth Amendment claim, appellee was on notice that she had the burden of establishing a privacy interest with respect to the

---

[1] *State v. Mercado*, 972 S.W.2d 75, 77-78 (Tex. Crim. App. 1998); *State v. Klima*, 934 S.W.2d 109 (Tex. Crim. App. 1996).

premises.[2]

In the present case, the State did not even need the "open fields" doctrine; the record contains no evidence that appellee had any ownership or possessory interest in the field in question. Without such an interest, appellee cannot possibly have an expectation of privacy with respect to the deputies' entry onto the field.[3] But even if the State needed the "open fields" doctrine, that doctrine has been construed to be part of the expectation-of-privacy inquiry upon which the defendant has the burden of proof.[4] Contrary to the Court's position, the State had no burden to show that the deputies were not trespassers or that the field in question was an open field.

The Court further contends that the deputies lacked probable cause to arrest because appellee was simply driving beside James Kuykendall in her car and because an anonymous call cannot be the sole basis for an arrest. But before anyone was arrested, one of the deputies saw what appeared

---

[2] *Klima*, 934 S.W.2d at 111.

[3] *See Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980) (defendant "bears the burden of proving . . . that he had a legitimate expectation of privacy" in the subject of the search); *Rakas v. Illinois*, 439 U.S. 128, 131 n.1 (1978) ("The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure."); *United States v. Salvucci*, 448 U.S. 83, 86 (1980) ("it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he . . . establish, that he himself was the victim of an invasion of privacy") (ellipsis in *Salvucci*).

[4] *United States v. Jones*, 132 S. Ct. 945, 953 (2012) ("Quite simply, an open field, unlike the curtilage of a home is not one of those protected areas enumerated in the Fourth Amendment. The Government's physical intrusion on such an area—unlike its intrusion on the "effect" at issue here— is of no Fourth Amendment significance.") (citations omitted); *United States v. Mathis*, 738 F.3d 719, 729-31 (6th Cir. 2013); *United States v. Boyster*, 436 F.3d 986, 991 (8th Cir. 2006); *Fullbright v. United States*, 392 F.2d 432, 434-36 (10th Cir. 1968); *Casey v. State*, 87 Nev. 413, 415, 488 P.2d 546, 548 (1971). *See also State v. Kirchoff,* 156 Vt. 1, 13, 587 A.2d 988, 996 (1991) ("Federal law places the burden on the defendant to establish a reasonable expectation of privacy in the area searched in order to claim rights under the Fourth Amendment. Thus, under federal law, the open fields doctrine is not generally treated as an exception to the warrant requirement.").

to be marijuana, in plain view, on the front passenger floorboard. Under the automobile exception, an officer can enter and search a car if he has probable cause to believe the car contains contraband.[5] The presence in plain view of what appeared to be marijuana gave the deputies probable cause to enter the vehicle and ascertain that it was in fact marijuana.[6] Once the item on the front passenger floorboard was determined to be marijuana, the deputies had probable cause to search the remaining portions of the front and back seat areas of the car to determine if more marijuana was present.[7] It was in the course of that search that the deputies stumbled upon the checks.

I respectfully dissent.

Filed: October 15, 2014
Publish

---

[5] *United States v. Ross*, 456 U.S. 798, 825 (1982) (automobile exception allows officers who have probable cause to search a vehicle without a warrant); *Keehn v. State*, 279 S.W.3d 330, 331, 335-36 (Tex. Crim. App. 2009).

[6] *Texas v. Brown*, 460 U.S. 730, 739-44 (1983) (when officer observed what appeared to be a drug balloon inside the car, he was permitted to enter the car and seize it); *Keehn*, 279 S.W.3d at 336 (officer could enter van parked in suspect's driveway and seize tank seen through van window that, from officer's experience, was likely to contain a precursor to methamphetamine)

[7] *See United States v. Staula*, 80 F.3d 596, 603 (1ˢᵗ Cir. 1996) ("Tyrie's discovery of the marijuana gave him probable cause to continue to hunt within the passenger compartment for more contraband."); *Meekins v. State*, 340 S.W.3d 454, 467 & n.1 (Tex. Crim. App. 2011) (Johnson, J., concurring) (finding marijuana on the suspect's person in a traffic stop would give rise to probable cause to search the suspect's vehicle).