As stated by Judge Sorg in United States ex rel. Wakeley v. Commonwealth of Pennsylvania, 257 F.Supp. 644 (W.D.Pa. Decided March 31, 1966, currently unreported):

UNITED STATES of America ex rel. John WAKELEY

v.

COMMONWEALTH OF PENNSYLVANIA et al.
and
William W. Scranton, Governor,
and
Walter E. Alessandroni, Atty. Gen.,
and
Arthur T. Prasse, Com. of Corr.
and
J. F. Maroney, Superintendent State Correctional Institution.

Misc. No. 3967.

United States District Court
W. D. Pennsylvania.

March 31, 1966.

ly establishes a defined procedure. The remedy remains. The petition, therefore, does not present a substantial claim of unconstitutionality, and it is hereby denied.

See also D.C., 247 F.Supp. 7.

John Wakeley in pro. per.

Walter E. Alessandroni, Atty. Gen. of Commonwealth of Pa., Harrisburg, Pa., for the Commonwealth of Pa. and others.

MEMORANDUM and ORDER

SORG, District Judge.

And now, this 31st day of March, 1966, leave is hereby granted the above named relator to file his petition without prepayment of costs.

Said petition challenges the constitutionality of the Commonwealth of Pennsylvania's "Post Conviction Hearing Act," No. 554, effective March 1, 1966, seeks injunctive relief, and prays for the appointment of a three-judge court under the provisions of 28 U.S.C.A. § 2281. Petitioner does not allege that he is presently seeking habeas corpus relief, nor does he set forth sufficient facts to show an injury or threat to any of his rights. Moreover, it is clear that the Act under attack does not abrogate the remedy of habeas corpus as alleged, but rather encompasses such relief and mere-