ALMALYNN HARRIS, APPELLANT, v. STATE OF
NEVADA, RESPONDENT.

No. 5935

March 25, 1970                              466 P.2d 850

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Melvin T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an appeal from an order of the district court denying the pretrial petition of Harris for a writ of habeas corpus. He complains that he was not brought to trial within 60 days after the filing of the information in violation of NRS 178.556.

On November 27, 1968, a criminal complaint was filed against Harris, and a warrant of arrest issued. He appeared with counsel before the magistrate on December 11, 1968.

The record does not disclose the date of his arrest on the instant charge, and we are, therefore, unable to determine whether he was brought before the magistrate "without unnecessary delay" (NRS 171.178). In any event, counsel did not, on December 11, complain of delay. On that occasion the magistrate informed the accused of his rights as required by NRS 171.186, and within 15 days thereafter (NRS 171.196) a preliminary examination was held. He was bound over to the district court for trial.

An information was filed against him on December 30, 1968, well within the 15-day limitation designated by NRS 173.035(3) and NRS 178.556. He was arraigned upon that information on February 4, 1969, and entered his plea of not guilty. His trial was then scheduled to commence on March 5, 1969, 65 days later. Counsel did not object to the trial date, or in any manner endeavor to secure an earlier setting, thereby waiving any right to later complain.

On February 24, 1969, the state filed an amended information. This was permissible since a different offense was not charged nor were the substantial rights of the defendant prejudiced (NRS 173.095). He was arraigned upon the amended information on March 4, 1969, and pleaded not guilty. On that occasion the court advised the defendant and his counsel that the trial could be set over to another date if they wished. They declined, and the trial date of March 5, 1969, remained firm. Instead of going to trial on that day, the defendant initiated this habeas corpus proceeding asserting delay.

The contention is patently frivolous. Had he objected to the trial date when it was designated, the court undoubtedly would have made every reasonable effort to accomodate him and secure a date five days or more earlier than March 5. His failure to timely object to the trial setting coupled with this habeas proceeding has rendered a "speedy trial" impossible. The fault is the defendant's, and is not attributable to the state.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.