SAM MAIORCA, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6383

February 24, 1971 482 P.2d 312

*Pomeranz, Cochrane, Lehman & Nelson,* of Las Vegas, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

The appellant was indicted on March 5, 1970, by the Clark County Grand Jury. At his arraignment on March 9, 1970, he moved for and was granted a continuance to March 13, 1970, in order to permit him to file a petition to be treated as a juvenile.[1] On March 11, 1970, that petition was filed. It concluded with a request "[t]hat the proceedings in this matter be arrested until the time of the submission of the report of the Juvenile Department." The court referred the matter to the Juvenile Department for investigation, and an order was entered arresting further proceedings until the time of the submission of the report. On March 13, 1970, the appellant came up for arraignment again, and without objection the matter was ordered off the calendar "until such time as the report has been received from the Juvenile Department." The parole officer's report was filed on April 3, 1970.[2]

The record does not reflect how the case was put back on the court's calendar, but on May 21, 1970, there was a hearing to consider the parole officer's report, at which time counsel for the appellant pointed out to the court that he had never

---

[1] At the time of the arraignment, the appellant was 18 years of age.

[2] There is no notation on the report that copies were served on anyone, nor is there any indication in the record that notice of the filing of the report was given.

waived the "60-day rule."[3] Subsequently, a writ of habeas corpus was sought for failure of the State to afford the appellant a speedy trial. The writ was denied, and this is an appeal from its denial.

Although the record bears out the appellant's contention that he never explicitly waived the "60-day rule," there is nothing in the record to indicate that the time set for the trial was of any import to him until after the 60 days had expired. He had been admitted to bail initially, and bail had been reduced on March 9, 1970. No demand for trial or for an early trial date was ever made. No objection to the delay was made until after the 60-day period had run.

Under such circumstances, the appellant's charge that his right to a speedy trial had been denied him is not persuasive. Only because the parole officer's report was filed within the 60-day time limitation of NRS 178.556 does the appellant's argument have any relevance at all. If, for example, that report had not been filed until May 5, 1970, the 60 days would have expired without a trial, and in that circumstance the delay would have been upon the appellant's own motion. It is not the function of the law to permit an accused to gamble with his rights and, if he wins, to afford him relief that he would not have been afforded if he had lost.

Since the delay in this case was upon appellant's own motion, and since he was free on bail the entire time, the State cannot be charged with responsibility for the delay, and the district court did not err in denying habeas corpus. Harris v. State, 86 Nev. 197, 466 P.2d 850 (1970); Thompson v. State, 86 Nev. 682, 475 P.2d 96 (1970).

Affirmed.

---

[3]NRS 178.556: ". . . [I]f a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court may dismiss the indictment, information or complaint."