VARNER RAY COLLINS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6575

January 12, 1972 492 P.2d 991

*Robert G. Legakes,* Public Defender, and *John C. Ohren-schall,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy of Appeals, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant Varner Ray Collins was tried to a jury and convicted of robbery. He has appealed from his judgment of conviction, and he has assigned numerous assignments of error, which we reject as meritless and, therefore, affirm the jury's verdict.

1. *The Facts.*

A lone gunman on July 14, 1969, held up the barmaid, Lou Ella Beavers, in the Huddle Bar located in Las Vegas. The gunman had a beer, minutes before the robbery. He then produced his weapon and demanded at gunpoint from Lou Ella the contents of the cash register, which she promptly handed to him. The robber left the premises. Lou Ella telephoned the police. The Clark County Sheriff's office responded to the call within minutes. The Sheriff's office had received an anonymous phone call that a late-model, light green Cougar automobile was seen in the vicinity of the crime. This information was radioed to Deputy Sheriff Alfred B. Leavitt while he was en route to the crime scene. When the sheriff's deputies arrived at the Huddle Bar, Lou Ella gave them a description of the robber. Deputy Sheriff Robert Roderick, in processing the scene of the crime, lifted latent fingerprints from the beer bottle and glass used by the robber.

The following day, July 15, the sheriff's deputies went to Collins's residence to arrest him on two pending felony charges (robbery and unlawful possession of narcotics) that had no connection with the Huddle Bar robbery. As the deputies approached Collins's residence, they noted in the driveway a vehicle that matched the description of the car that was reported in the vicinity of the Huddle Bar at the time of the robbery. Upon confronting Collins, the deputies also observed that his physical appearance matched Lou Ella's description of the robber. The deputies then arrested Collins and removed him to the county jail, where he was fingerprinted. The print from appellant's left index finger matched one of the prints taken by Deputy Roderick at the scene of the crime. The next day, July 16, the officers, upon their affidavit, obtained a warrant to search Collins's residence. They did so at once and found a weapon resembling the one used in the robbery. Collins was thereupon charged by criminal complaint with robbery and later, upon trial, was found guilty thereof.

2. *The Arrest and the Search.*

A. The Arrest.

First, Collins claims that his arrest was unlawful. His contention is untenable. At the time he was taken into custody, there were two outstanding warrants for Collins's arrest. It is true that at the time of the arrest the warrants were not in the deputies' possession, but the deputies knew of the existence of the warrants.[1]

---

[1] Collins has not attacked the validity of either warrant.

NRS 171.122, subsection 1, is controlling and dispositive of the arrest issue in this case. It provides:

"The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have a warrant in his possession at the time of the arrest, he shall then inform the defendant of his intention to arrest him, of the offense charged, the authority to make it and of the fact that a warrant has or has not been issued. The defendant must not be subjected to any more restraint than is necessary for his arrest and detention, but if the defendant either flees or forcibly resists, the officer may use all necessary means to effect the arrest."

B. The Search.

The deputies, in an effort to find the weapon used in the robbery, searched Collins's residence after his arrest. They first obtained a warrant to do so, based on their affidavit that Collins's fingerprint matched one found at the scene of the crime. They found a weapon similar to the one used in the robbery, and it was introduced as evidence during the trial. Collins challenges the constitutionality of the use of the weapon as evidence, on the ground that the search was unlawful because his arrest that led to the taking of his fingerprints was unlawful. Since we have ruled otherwise, i.e., that his arrest was lawful, Collins's contention on this issue must fail. The weapon was properly received in evidence.

3. *The Amendment of the Information.*

Immediately prior to trial, the learned trial judge noticed that Collins's name was misspelled in the information.[2] The judge suggested that the error be corrected on motion by the district attorney's office. This was done, and Collins claims that it resulted to his prejudice. NRS 173.095 provides:

"The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

There was no prejudice at all to Collins in this case, and we find this assignment of error without merit. See Harris v. State, 86 Nev. 197, 466 P.2d 850 (1970).

---

[2]The trial judge knew Collins and his true name.

4. *The Composition of the Jury.*

Collins next complains that there was no member of his race on the jury that convicted him and therefore his conviction must be overturned. This may happen in a case. The absence of members of one's race on a petit jury may occur. If so, it is not error. It is the systematic exclusion of members of a race or class that spoils the makeup of the jury. Since the record is void of any such exclusion in this case, the error complained of is meritless. Swain v. Alabama, 380 U.S. 202, 203–204 (1965); Martin v. Texas, 200 U.S. 316, 320–321 (1906).

5. *Lou Ella's Testimony.*

Collins complains that, since Lou Ella could not positively identify him as the robber, the trial judge should have excluded her testimony. Lou Ella testified that she *believed* Collins was the robber but that she was *not sure*. Such an objection goes to the weight of the testimony, but not to its admissibility. As the court said in People v. Houser, 193 P.2d 937, 941 (Cal. App. 1948):

"In order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies. It is the function of the jury to pass upon the strength or weakness of the identification and the uncertainness of the witness in giving her testimony. [Citation omitted.]" See also State v. Brown, 456 P.2d 368, 370 (Ariz. 1969).

Lou Ella's testimony was properly received and presented to the jury.

6. *The Recall of Deputy Roderick.*

After the State had rested its case, counsel for Collins sought to recall Deputy Roderick to the stand for the purpose of cross-examining him on the method he used in lifting the fingerprints from the beer bottle and glass. Counsel was not permitted to do so, and he asserts that the trial judge committed reversible error in denying his request. We do not agree. As this court recently ruled in Casey v. State, 87 Nev. 413, 416, 488 P.2d 546, 548 (1971):

". . . 'An accused may be permitted to recall a witness for cross-examination after the state has closed its case. . . . It is, however, for the discretion of the court to disallow such

recross-examination when the party seeking it has had abundant opportunity to draw out his case.' 3 Wharton's Crim. Ev., § 900 (12th Ed. 1955). On the record in this case, we could not find that the lower court abused its discretion, even had it refused any additional cross-examination whatever."

The remaining assignments of error, namely, that the court failed to grant Collins's motion for a continuance to obtain legal authorities to challenge the lawfulness of his arrest and that the trial judge denied him a fair trial, are equally unfounded.

The judgment of conviction is affirmed.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.