RICHARD LEE INGLE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 7973

February 20, 1976                    546 P.2d 598

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, and *George E. Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After a jury trial, appellant stands convicted of assault with a deadly weapon with intent to do bodily harm. Here, appellant contends: (1) he was denied his right to a speedy trial; and (2) the trial court committed reversible error by refusing to allow appellant to testify. We perceive no speedy trial violation; however, we agree it was reversible error to prohibit appellant from testifying.

1.  The original information in this case was filed in February, 1969. Appellant entered a guilty plea and received a six year sentence in the Nevada State Prison. In June, 1972, appellant's motion to withdraw his plea was granted. The trial eventually began in July, 1974. The delay between the withdrawal of the plea and the ultimate trial on the merits resulted from continued negotiations, changes in the plea and a mistrial granted at appellant's request. We perceive no constitutional speedy trial violation where, as here, the record affirmatively reflects the delays were substantially caused by appellant's actions. Cf. Maiorca v. Sheriff, 87 Nev. 63, 482 P.2d 312 (1971).

2. Against the advice of counsel, appellant expressed a desire to take the stand. The trial court refused appellant's request to testify. This exclusion from the witness stand constitutes reversible error.

"Every criminal defendant is privileged to testify in his own defense, or to refuse to do so." Harris v. New York, 401 U.S. 222, 225 (1971). "The privilege of a criminal defendant to testify is the other side of the coin on which appears the privilege against self-incrimination." United States v. Ives, 504 F.2d 935, 939 (9 Cir. 1974), vacated on other grounds, 421 U.S. 944 (1975). Certainly, the accused may waive the privilege, either expressly or by his actions. However, "We are satisfied that the right to testify in one's own behalf is of such fundamental importance that a defendant who timely demands to take the stand contrary to the advice given by his counsel has the right to give an exposition of his defense before a jury. The defendant's insistence upon testifying may in the final analysis be harmful to his case, but the right is of such importance that every defendant should have it in a criminal case. Although normally the decision whether a defendant should testify is within the competence of the trial attorney where, as here, a defendant insists that he wants to testify, he cannot be deprived of that opportunity." (Citations omitted.) People v. Robles, 466 P.2d 710, 716 (Cal. 1970). In Accord: State v. Noble, 514 P.2d 460 (Ariz. 1973); Hughes v. State, 513 P.2d 1115 (Alaska 1973).

Here, appellant, having been fully advised of the consequences, made a timely, knowing and voluntary rejection of counsel's advice, and asserted his privilege to testify, and we believe he should have been permitted to do so. Cf. Faretta v. California, 422 U.S. 806 (1975).

Reversed and remanded for a new trial.