## SYLVANIS JACKSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8942

February 3, 1977          559 P.2d 825

*Richard D. Weisbart,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

After Sylvanis Jackson was convicted, by jury verdict, of rape and first degree kidnapping, he was sentenced to a term of years in the Nevada State Prison. In this appeal, Jackson contends: (1) the trial court erred in admitting certain items into evidence; (2) some of the prosecutor's comments during closing argument were prejudicial; and, (3) there was insufficient evidence produced at the trial to support the conviction of first degree kidnapping.

On November 11, 1974, Valerie Joiner was raped in her apartment by a man she later identified as Sylvanis Jackson. She and her baby were then requested, at knifepoint, to leave the apartment with Jackson. When Valerie resisted, stating she had to leave her keys with a friend, Jackson seized the child and told Valerie that she would not see the baby again if she failed to return. Valerie went to the friend's apartment and remained there; the child, subsequently released in the parking lot, was retrieved a short time later.

At trial, a knife, a shirt, and a button were admitted into evidence. Jackson challenges the relevancy of these items, asserting their admission constituted prejudicial error.

1. Items offered in evidence are relevant if they are connected with the perpetrator, the victim, or the crime. Geary v. State, 91 Nev. 784, 544 P.2d 417 (1975). Here, the victim testified that the knife, discovered by a neighbor near the scene of the crime, was similar to the one wielded by Jackson. This identification is analogous to that made, and held to be sufficient, in Stalley v. State, 91 Nev. 671 at 676, 541 P.2d 658 at 661 (1975). Therefore, we perceive no error in the admission of the knife into evidence.

Similarly, the victim's testimony established the relevancy of the shirt, which matched the description of the one Jackson wore when he committed the rape; and, of the button.[1]

---

[1] The button was torn from the shirt while Jackson and the victim struggled, and was discovered later in the bedroom where the rape occurred.

Accordingly, these items were also properly admitted. *Geary,* 91 Nev. at 791, 544 P.2d at 422.

2. Jackson's contention that the prosecutor committed prejudicial error in his closing argument is also rejected. The now challenged comment was not considered sufficiently prejudicial to invoke an objection at the time it was made. Furthermore, the record discloses overwhelming evidence of guilt; thus, even if we assume there was error, in the context of this appeal any error that may have occurred would be harmless. Harris v. State, 90 Nev. 172, 521 P.2d 367 (1974).

3. Jackson also asserts there was insufficient evidence produced at the trial to support his conviction of first degree kidnapping. The record contains substantial evidence to support the verdict on this charge; therefore, we reject the contention. Nix v. State, 91 Nev. 613, 541 P.2d 1 (1975). Cf. Eckert v. Sheriff, 92 Nev. 719, 557 P.2d 1150 (1976).

Affirmed.