BILLY WILLIAMS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8780

July 14, 1977        566 P.2d 417

[Rehearing denied August 17, 1977]

*David Dean,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

After being afforded a new trial (Williams v. Warden, 91 Nev. 16, 530 P.2d 761 (1975)), Billy Williams was again tried and convicted, by jury verdict, of robbery. He was sentenced— as an habitual criminal—to life imprisonment. In this appeal, he asserts numerous grounds for reversal, none of which have merit.

1. Williams first contends double jeopardy precludes his

being retried for the same offense. "It has long been the rule that when a defendant obtains a reversal of a prior, unsatisfied conviction, he may be retried in the normal course of events." United States v. Ewell, 383 U.S. 116, 121 (1966). Here, Williams had not satisfied his prior conviction which we overturned, and, therefore, his double jeopardy claim is not applicable.

2. Williams' own actions were the primary reason for the delay in his retrial. Thus, we reject his claim that he was denied a speedy trial. See Sheriff v. McKinney, 93 Nev. 313, 565 P.2d 649 (1977), and cases cited therein. See also Harris v. State, 86 Nev. 197, 466 P.2d 850 (1970).

3. In regard to the assertion that the court erred by admitting certain evidence because it was irrelevant, it appears that the evidence was connected with the perpetrator, victim, or crime; thus, it was relevant and admissible. Jackson v. State, 93 Nev. 28, 559 P.2d 825 (1977).

4. For the same reasons set forth in his first appeal, we reject the contention that it was prejudicial error to admit evidence concerning a shooting incident which occurred when police officers stopped Williams for questioning. See Williams v. State, 85 Nev. 169, 451 P.2d 848 (1969).

5. Because he was not "positively" identified by the victim, Williams argues that his identification as the robbery suspect was insufficient as a matter of law. An identical argument has previously been rejected where we said: " 'In order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies.' " Collins v. State, 88 Nev. 9, 13, 492 P.2d 991, 993 (1972).

6. Williams next contends that he should have been acquitted because the State failed to produce all the money taken in the crime and the victim could not, with certainty, identify money found in appellant's possession as part of the actual property stolen. The State is not required to prove the entire amount or value of property taken in a robbery, only that some property was indeed taken. State v. Brown, 452

408

P.2d 958 (Wash. 1969); State v. Townsend, 392 P.2d 459 (Ore. 1964). Here, part of the money taken included $20 in half dollars and $70–$80 in quarters. At the time of his arrest, some thirty (30) minutes after the robbery, Williams possessed $20 in half dollars and $60 in quarters. This evidence was probative on the issue of taking, and with other evidence, sufficient to prove that element; thus, it is immaterial that the victim could not specifically identify each coin as his property. State v. Hunter, 384 P.2d 983 (Ore. 1963).

7. Contending he was denied a fair trial because of improper argument to the jury, it is claimed that the prosecutor should not have commented on Williams' failure to take the stand and testify. However, viewed in proper context, the statement complained of was, at best, only an indirect comment on the subject and thus not reversible error.[1] Septer v. Warden, 91 Nev. 84, 530 P.2d 1390 (1975). Other alleged improper argument was not objected to; thus, it will not be considered. Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972).

8. We also reject the claim that prior convictions, which were used to support the habitual criminal charge, are invalid. The State introduced exemplified records of prior convictions which had no constitutional infirmities on their face; therefore, they were admissible. Anglin v. State, 86 Nev. 70, 464 P.2d 504 (1970).

[Headnote 11]

9. Finally, Williams contends he should have been granted a mistrial because witnesses made reference to his status as an habitual criminal and his prior conviction for robbery. However, the references to these matters were "elicited as [a] direct response to the questioning of defense counsel and may not be

---

[1]The prosecutor's remark referred to the fact that the evidence stood uncontradicted. He stated:

"I don't plan to take long, I just plan to talk to you about a few things that defense counsel said in his argument.

"What I really plan to do is talk to you about what he didn't say. I couldn't help but reflect that I haven't had a lecture on the constitutional law like we had since I was in law school, and I was sitting there wondering like I think you were wondering when is the defendant going to come forward on the facts of this case? And I was still thinking that when he sat down.

"Now, ladies and gentlemen, we heard defense counsel talk about everything but the facts in this case. We didn't hear him explain away any of the incriminating evidence."

raised by the defendant as a basis of error." Founts v. State, 87 Nev. 165, 169, 483 P.2d 654, 656 (1971).

Affirmed.