ROBERT LOVELL RANDOLPH, APPELLANT, v. SHER-IFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 10073

October 5, 1977                                        569 P.2d 408

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Robert Lovell Randolph was ordered to stand trial for rape (felony, NRS 200.363); first degree kidnapping (felony, NRS 200.-310); larceny from the person (felony, NRS 205.270); and, robbery (felony, NRS 200.380). Randolph then filed a pretrial petition for habeas corpus in the district court contending: (1) it is impermissible to charge both larceny from the person and robbery; and, (2) Chapter 545 of the 1977 Nevada Statutes, requiring habeas corpus petitioners to waive the 60-day limit for being brought to trial, is unconstitutional. The district court denied habeas and in this appeal Randolph asserts the same contentions.

1.  It is permissible to try Randolph for both robbery and larceny from the person. NRS 173.125. However, if, under the circumstances of this case the charge of larceny from the person is deemed to be a lesser included offense of robbery, Randolph can only be convicted of one of these two offenses. *See* Keefe v. Sheriff, 93 Nev. 109, 560 P.2d 913 (1977), and cases cited therein.

2.  Chapter 545 of the 1977 Nevada Statutes provides, *inter alia,* that a pretrial petition for habeas corpus shall not be

considered unless it contains a statement that the accused waives the 60-day limitation for being brought to trial.[1] Randolph's attack upon the statute's constitutionality is premised upon the theory that the waiver provision forces him to either surrender (1) the right to petition in habeas proceedings; or, (2) the right to a speedy trial. Either way, argues Randolph, he loses a constitutional guarantee.

Randolph's premise is unsound. The waiver provision makes no mention of a constitutional right to a speedy trial but speaks merely to the statutory 60-day period in which, in the absence of dilatory conduct, an accused is entitled to be brought to trial. NRS 178.556. In Sondergaard v. Sheriff, 91 Nev. 93, 531 P.2d 474 (1975), we held the right to be brought to trial within 60 days was only one of several factors to be considered in applying the balancing approach to determine whether there was a violation of the right to a speedy trial. Therefore, requiring a waiver of the 60-day rule, as a condition precedent of the right to pursue pretrial habeas corpus, a statutory right, does not equate to a waiver of the constitutional right to a speedy trial. In fact, almost a dozen years before the legislature saw fit to insert the "60-day" waiver language in the habeas corpus statute, this court had ruled that when, as here, an accused "is responsible for the delay of trial beyond the 60-day limit, he may not complain." Oberle v. Fogliani, 82 Nev. 428, 430, 420 P.2d 251, 252 (1966). Thus, the legislative will to insert the restrictive language in the habeas statute is not unconstitutional; rather, it is merely another application of the statutory provisions we approved and followed in *Oberle.*

Affirmed.

---

[1]Section 1 of Chapter 545 reads in pertinent part:

"1.   Except as provided in subsection 2, a pretrial petition for a writ of habeas corpus based on alleged want of probable cause or otherwise challenging the court's right or jurisdiction to proceed to the trial of a criminal charge shall not be considered unless:

"(a) The petition and all supporting documents are filed within 21 days after the first appearance of the accused in the district court; and

"(b) The petition contains a statement that the accused:

"(1) Waives the 60 day limitation for bringing an accused to trial;

"(2) If the petition is not decided within 15 days before the date set for trial, consents that the court may, without notice or hearing, continue the trial indefinitely or to a date designated by the court;

"(3) If any party appeals the court's ruling and the appeal is not determined before the date set for trial, consents that the trial date is automatically vacated and the trial postponed unless the court otherwise orders."