## JEROME GREGO, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

Nos. 9937 and 9939

January 26, 1978                                    574 P.2d 275

*Robert N. Peccole,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appeals have been taken from orders of the district court denying appellant's petitions for writs of habeas corpus that challenge the constitutionality of NRS 34.375.[1]

---

[1]NRS 34.375, in relevant part:

1.  Except as provided in subsection 2, a pretrial petition for a writ of habeas corpus based on alleged want of probable cause or otherwise challenging the court's right or jurisdiction to proceed to the trial of a criminal charge shall not be considered unless:

(a) The petition and all supporting documents are filed within 21 days after the first appearance of the accused in the district court; and

(b) The petition contains a statement that the accused:

(1) Waives the 60 day limitation for bringing an accused to trial;

Appellant was indicted for sale of a controlled substance, a felony, and conspiracy to sell a controlled substance, a gross misdemeanor. The district judge denied the petitions for habeas. We affirm.

Appellant, who has predicated his claims for habeas on the insufficiency of the evidence to sustain his indictments and on an unreasonable prearrest delay, suggests that the imposed stipulations of the statute—e.g., waiver of the 60-day limitation for trial—suspend his constitutional rights to the writs. We do not agree.[2]

Any attempt by the Legislature to abolish habeas corpus is prohibited by the United States Constitution and the Nevada Constitution.[3]

NRS 34.375 does not constitute a suspension of habeas corpus. It is a reasonable regulation of the writ by the Legislature and does not violate the antisuspension clause, so long as the traditional efficacy of the writ is not impaired. LaGore v.

---

(2) If the petition is not decided within 15 days before the date set for trial, consents that the court may, without notice of hearing, continue the trial indefinitely or to a date designated by the court;

(3) If any party appeals the court's ruling and the appeal is not determined before the date set for trial, consents that the trial date is automatically vacated and the trial postponed unless the court otherwise orders.

[2]The Nevada Legislature has provided that the sufficiency of the evidence to sustain an indictment may be challenged by a pretrial writ of habeas. NRS 172.155(2).

We note that, although the federal courts have long examined the evidence behind an indictment to determine probable cause under the federal removal statute [e.g., Tinsley v. Treat, 205 U.S. 20 (1907); Price v. Henkel, 216 U.S. 488 (1910)], the Supreme Court has rejected the contention that any constitutional right is involved. In Costello v. United States, 350 U.S. 359 at 363 (1956), the High Court articulated concerns which may have prompted many jurisdictions to limit this use of the writ:

If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment.

[3]"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. This provision is incorporated in the Nevada Constitution, Declaration of Rights, art. 1, § 5: "The privilege of the writ of Habeas Corpus, shall not be suspended unless when in cases of rebellion or invasion the public safety may require its suspension." The Nevada Constitution also confers jurisdiction to issue the writ upon the Supreme Court and its Justices, art. 6, § 4, and upon the district courts in which petitioners are held in custody, art. 6, § 6.

Ramsey, 126 S.W.2d 1153 (Mo. 1939); Johnson v. Burke, 148 N.E.2d 413 (Ind. 1958).

The scope of the writ of habeas corpus is not altered by NRS 34.375. The statute merely imposes certain procedural requirements. Randolph v. Sheriff, 93 Nev. 532, 569 P.2d 408 (1977). The Supreme Court of Colorado has held: "Although the privilege of the writ of habeas corpus is constitutionally guaranteed, the procedural mechanism for its exercise may change." People ex rel. Wyse v. District Court, 503 P.2d 154, 156 (Colo. 1972). *See also* United States ex rel. Wakeley v. Commonwealth of Pennsylvania, 257 F.Supp. 644 (W.D. Pa. 1966).

Other state courts have upheld the constitutionality of habeas corpus legislation which has limited the nature of habeas relief [LaGore v. Ramsey, 126 S.W.2d 1153 (Mo. 1939)]; limited jurisdiction to grant habeas petitions to a particular court [Lash v. Wright, 287 N.E.2d 255 (Ind.App. 1973)]; or limited the scope of inquiry on habeas corpus in extradition proceedings [Johnson v. Burke, 148 N.E.2d 413 (Ind. 1958)].[4]

In United States v. Hayman, 342 U.S. 205 (1952), the United States Supreme Court upheld the constitutionality of 28 U.S.C. § 2255, which provided that application for post-conviction relief could not be entertained if petitioner had failed to apply for relief by motion, or had applied and been denied, and could not demonstrate that the motion remedy was inadequate. The Court noted that the statute represented a reform "passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts." 342 U.S. at 219. The court further observed that the statute merely expressed a result which "would have followed under our decision." 342 U.S. at 223, n. 40.

The legislative reform represented by NRS 34.375 was similarly designed to deal with practical administrative problems faced by the courts of Nevada.[5] Courts have become clogged

---

[4]In the first half of the nineteenth century, many states precluded examination of the evidentiary basis for an indictment. D. Oaks, Habeas Corpus in the States: 1776–1865, 32 Chi.L.Rev. 243,261 (1965); and *see* R. Hurd, Habeas Corpus, 435, 439–440 (1876; 1972 ed.). Several state legislatures have passed similar laws in the twentieth century, some even prohibiting review of any judicial finding of probable cause. *See* Ex parte Kruse, 71 P.2d 318 (Okla.Crim.App. 1937); Harris v. Whittle, 10 S.E.2d 926 (Ga. 1940).

[5]In this State, pretrial petitions are particularly numerous, since petitioners are entitled to a transcript of the grand jury proceedings in order to challenge probable cause, Ivey v. State, 82 Nev. 448, 420 P.2d 853 (1966), and the writ is available to those released on bail, Ex parte Philipie, 82 Nev. 215, 414 P.2d 949 (1966).

with repeated appearances by pretrial petitioners seeking continuance of trial, particularly when denials of petitions are appealed. The legislation at issue is designed to deal with this administrative problem by providing an automatic procedure in place of a cumbersome series of appearances.

Furthermore, this court has repeatedly held that the consequence of filing a pretrial petition for habeas corpus is a waiver of the 60-day rule, to the extent that delay is caused by petitioner's action. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966). Therefore, as in *Hayman,* the statute merely represents a codification of prior decisions. The requirement that petitioners expressly waive the statutory privileges merely insures that they will be on notice of the consequences.

The statute is a reasonable legislative regulation of the writ of habeas corpus and therefore does not violate the anti-suspension clause of the United States Constitution or the Nevada Constitution.

We conclude, therefore, that NRS 34.375 is constitutional and is a reasonable legislative regulation of the writ of habeas corpus. The orders denying habeas are affirmed.

BATJER, C. J., and GUNDERSON, MANOUKIAN, and ZENOFF,[6] JJ., concur.

---

[6]The Chief Justice designated HON. DAVID ZENOFF, Chief Justice (Retired), to sit in this case. Nev. Const. art. 6, § 19.