SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, *v.* HENRY MARTINEZ, RESPONDENT.

No. 10183

February 7, 1978                                          574 P.2d 281

64

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *James B. Gibson,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Henry Martinez was ordered to stand trial for indecent exposure (NRS 201.220). Martinez then filed a pretrial petition for habeas corpus contending: (1) Chapter 545 of the 1977 Nevada Statutes, requiring habeas corpus petitioners to waive the sixty-day limit for being brought to trial, is unconstitutional; and, (2) there is insufficient evidence to establish probable cause to believe he committed the charged offense. The district court granted habeas and the State has appealed.

1.   Martinez's first contention was considered and rejected in Randolph v. Sheriff, 93 Nev. 532, 569 P.2d 408 (1977). *Accord,* Grego v. Sheriff, 94 Nev. 48, 574 P.2d 275 (1978).

2.   The thrust of Martinez's second contention is that his identification as the perpetrator is insufficient. Even assuming this issue is cognizable (Sheriff v. Toston, 93 Nev. 394, 566

P.2d 411 (1977)), it is without merit. *See* Williams v. State, 93 Nev. 405, 566 P.2d 417 (1977). Evidence adduced at the preliminary examination supports a reasonable inference that Martinez probably committed the charged offense. NRS 171.206; State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970).

Accordingly, we reverse the district court's order granting Martinez's petition for a writ of habeas corpus.