# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARC PAUL SCHACHTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67673



FILED

AUG 10 2016

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted robbery. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

On June 9, 2014, appellant Marc Schachter was arrested after attempting to steal from Walmart a backpack, heat pad, Icy Hot electrical pad, and a box of hair dye. On June 23, 2014, Schachter requested that he be allowed to represent himself and his request was granted on July 24. On that day, Schachter asked for investigative services, which court-appointed standby counsel arranged to provide around July 31. Schachter filed a motion to dismiss the amended information arguing that the delays in granting his requests resulted in the loss of exculpatory surveillance video footage showing him entering the Walmart wearing the stolen backpack because the surveillance video was destroyed, per store policy, before the investigator issued the subpoena for the video.[1] The district court denied the motion and Schachter appeals.

---

[1]Schachter argues that the district court erred by imposing a separate sentence for both his attempted robbery conviction and his adjudication as a habitual criminal. The State concedes that this was an error. The district court entered a corrected judgment of conviction on

*continued on next page...*



This court reviews a district court's decision to grant or deny a motion to dismiss for an abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). On appeal, Schachter argues that the cumulative delays by the justice and district court in granting his requests for self-representation and for reasonable investigative services resulted in a denial of his right to self-representation and due process in that he was denied the means of developing and presenting an adequate defense. Citing California law, Schachter argues that pro se defendants have "the right to reasonably necessary defense services." *People v. James*, 136 Cal. Rptr. 3d 85, 93 (Ct. App. 2011) (internal quotation marks omitted) (recognizing this right under the Sixth Amendment). However, even if we were to recognize this right, Schachter must demonstrate that he was prejudiced by the failure to provide him with the reasonably necessary services to prepare his defense. *See id.* (providing that to be entitled to reversal on this issue, "a defendant must show both error and resulting prejudice"); *People v. Jenkins*, 997 P.2d 1044, 1141 (Cal. 2000) (expressing concern that the trial court refused to allow defendant to interview an out-of-state expert witness before pro se defendant called him to testify, but "[a]ssuming error, however, no prejudice appears, because the witness's testimony was excluded as irrelevant").

Here, Schachter has demonstrated that the delay in allowing him to represent himself, followed by the delay in affording him reasonable investigative services, may have resulted in the loss of the surveillance video, which some evidence suggests Walmart may have had

---

...*continued*
July 30, 2015, properly imposing a single sentence. Therefore, this issue is moot.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

but destroyed 60 days after the incident. Even crediting this assertion, Schachter still cannot prevail as he has not shown prejudice. The crime of attempted robbery does not include a threshold monetary valuation and the amount stolen does not affect the sentence. NRS 193.330; NRS 200.380; *see Williams v. State*, 93 Nev. 405, 407, 566 P.2d 417, 419 (1977) ("The State is not required to prove the entire amount or value of property taken in a robbery, only that some property was indeed taken."). Schachter only alleges that the surveillance video would show him entering Walmart with the backpack on—he does not allege that he did not steal the other items found in the backpack after he left the store. An asset protection associate from Walmart testified that he witnessed Schachter put the other items in the backpack. Therefore, even if the surveillance video showed Schachter entering with the backpack, he cannot demonstrate prejudice because he would still be guilty of attempted robbery for the items in the backpack when he exited the store without paying.

Next, Schachter claims that the district court erred by denying his motion to dismiss after it determined that the State's failure to collect evidence (the backpack) was the result of mere negligence. Schachter argues that, because the police were statutorily required to secure the alleged stolen property pursuant to NRS 205.295, the failure to collect was the result of gross negligence. *See Daniels v. State*, 114 Nev. 261, 267-68, 956 P.2d 111, 115 (1998) (articulating the two-part test for a failure-to-collect claim as a demonstration that the evidence was material and whether the failure to collect was the result of negligence, gross negligence, or bad faith). The district court found that the backpack was material evidence, but did not explain why.

 

We disagree that the backpack was material. *See State v. Ware*, 881 P.2d 679, 685 (N.M. 1994) ("The determination of evidence materiality is a question of law for the court."). Evidence is material where "there is a reasonable probability that, had the evidence been available to the defense, the result of the proceedings would have been different." *Daniels*, 114 Nev. at 267, 956 P.2d at 115. Schachter wanted the backpack to show that he customized it and thus, could not have stolen it. Yet, for the reasons stated above, this showing would not have changed the outcome of the proceedings because, whether the backpack was his or not, it still contained items he stole. As he failed to demonstrate that the backpack was material, we need not consider whether the police's actions constituted negligence or gross negligence. *See id.* ("*If the evidence was material*, then the court must determine whether the failure to gather evidence was the result of mere negligence, gross negligence, or a bad faith attempt to prejudice the defendant's case." (emphasis added)). Accordingly, we conclude that the district court did not abuse its discretion by denying Schachter's motion to dismiss. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Schachter's other arguments lack colorable merit. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. Connie J. Steinheimer, District Judge
Washoe County Alternate Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A