# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY WINKLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69083

FILED

DEC 1 5 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Gary Winkler's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Winkler argues that he received ineffective assistance of appellate counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.[2]

---

[1]Winkler was represented by appointed postconviction counsel in the proceedings below. After the district court denied the petition, Winkler moved to discharge appointed counsel and proceed pro se. The district court granted that motion. Having considered Winkler's pro se brief, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Winkler asserted several claims that were procedurally barred because they should have been raised on direct appeal. *See* NRS 34.810(1)(b)(2). Where those claims were considered and denied on direct appeal, *see Winkler v. State*, Docket No. 57547 (Order of Affirmance, February 9, 2012), the law-of-the-case doctrine also bars relitigation. *See Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975).

SUPREME COURT
OF
NEVAOA

(O) 1947A

16-38978

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

It is well-settled that the decision as to what issues to raise on appeal falls within the professional responsibility of counsel and that appellate counsel cannot and is not required to assert every conceivable appellate issue, whether frivolous or not. *Jones v. Barnes*, 463 U.S. 745 (1983); *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. As the district court noted, Winkler's appellate counsel identified numerous issues on appeal, though we concluded that they did not warrant relief. *Winkler v. State*, Docket No. 57547 (Order of Affirmance, February 9, 2012). With this in mind, we turn to Winkler's claims.[3]

Winkler first argues that appellate counsel should have challenged the trial court's failure to produce Winkler's children to testify on his behalf in surrebuttal. Winkler has failed to show that counsel's performance was deficient because he has not shown that the district court abused its discretion when Winkler declared his intent to call his

[3]To the extent that Winkler challenges the scope of the postconviction evidentiary hearing, we conclude that no relief is warranted.

out-of-state children during his case-in-chief but did not timely endorse them as witnesses as required by NRS 174.234(1)(a)(1), ensure their appearance at trial, compel their appearance by subpoena, or request a continuance. *See Mitchell v. State*, 124 Nev. 807, 819, 192 P.3d 721, 729 (2008) (reviewing district court's decision to exclude unendorsed witness from testifying for an abuse of discretion). To the extent that Winkler argues counsel should have raised a compulsory process claim, he has not shown that the trial court abused its discretion where he failed to comply with the applicable procedural rules. *See Taylor v. Illinois*, 484 U.S. 400, 410 (1988) (holding compulsory process rights do not convey unfettered right to offer evidence that does not comply with rules of evidence); *Wilson v. State*, 121 Nev. 345, 366, 114 P.3d 285, 299 (2005) (holding right to compulsory process is not absolute and is subject to procedural requirements and reviewing district court's decision for abuse of discretion). To the extent that Winkler argues counsel should have raised a Confrontation Clause claim, that claim would lack merit because the statements at issue were nontestimonial as they were responses to a caregiver's inquiries into the children's heath, safety, and well-being and not for litigation purposes. *See Pantano v. State*, 122 Nev. 782, 791, 138 P.3d 477, 483 (2006). As he has not shown that an appellate claim regarding a failure to produce his children to testify had merit, Winkler has not shown deficient performance or prejudice, and the district court therefore did not err in denying the claim.

Second, Winkler argues that appellate counsel should have raised compulsory process challenges to (1) the district court's failure to compel testimony from a former colleague who was ill and unavailable and (2) the court's denial of his requests to recall one of the child victims and

an investigating detective. Winkler has not shown that the district court abused its discretion in not compelling his former colleague to testify when he failed to notice the colleague by her actual name, the district court attempted to locate her when her correct name was determined on the penultimate day of trial, and her personal knowledge was limited to the workings of the apartment complex where the crimes were committed, not the crimes themselves. *See Wilson*, 121 Nev. at 366, 114 P.3d at 299. And Winkler has not shown that the district court abused its discretion in denying recall where he had already thoroughly cross-examined the witnesses and the district court had informed him that he would not be permitted to recall witnesses without a relevant reason. *See Collins v. State*, 88 Nev. 9, 13-14, 492 P.2d 991, 993 (1972). As he has not shown that an appellate claim as to compulsory process and recall had merit, Winkler has not shown deficient performance or prejudice, and the district court therefore did not err in denying the claim.

Third, Winkler argues that appellate counsel should have corrected factual misstatements in the State's appellate brief that counsel would have learned of if counsel had communicated sufficiently with Winkler. Having reviewed the record, we conclude that these incidental facts were not material to any appellate issue. Accordingly, Winkler has not shown that counsel's performance was deficient or a reasonable probability that correcting these immaterial misstatements would have led to a different outcome on appeal. The district court therefore did not err in denying the claim.

Lastly, Winkler argues cumulative error. While it is unclear whether multiple deficiencies in counsel's performance may be cumulated to establish the prejudice prong of an ineffective-assistance claim, *see*

*McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009), Winkler has not demonstrated any instances of deficient performance to cumulate.

Having considered Winkler's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Richard Scotti, District Judge
      Gary Winkler
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk